UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cassie Martinez,

    Plaintiff,

                              Civil Case No. 20-10876

v.

Red Lobster Hospitality LLC,        Sean F. Cox
                                        United States District Court Judge

    Defendant.

_____/

## OPINION AND ORDER

Acting *pro se*, Plaintiff filed this action asserting claims against Defendant, her former employer. The matter is before the Court on Defendant's motion asking this Court to compel arbitration of Plaintiff's claims. The Court concludes that oral argument is not necessary and shall rule on the motion without a hearing. For the reasons set forth below, the Court shall grant the motion, to the extent the Court shall compel the parties to arbitrate the claims asserted by Plaintiff in this action.

## BACKGROUND

Acting *pro se*, on April 4, 2020, Plaintiff Cassie Martinez filed this action against Defendant Red Lobster Hospitality LLC, asserting the following three counts: 1) "Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964" (Count I); 2) "Retaliation in Violation of Title VII of the Civil Rights Act of 1964" (Count II); 3) "Violation of Michigan Whistleblowers Protection Act" (Count III).

On November 23, 2020, Defendant filed a Motion to Compel Arbitration. (ECF No. 8).

1

In it, Defendant[1] asks this "Court to: (1) dismiss Plaintiff Cassie Martinez's ("Plaintiff") Complaint in its entirety, or in the alternative stay proceedings, because a valid agreement to arbitrate exists between the parties and (2) compel arbitration of Plaintiff's claims as all of her claims are subject to final, binding arbitration." (ECF No. 8 at PageID.39).

After Plaintiff failed to file a response to the motion within the time allowed by the applicable local rule, this Court issued an Order to Show Cause, requiring Plaintiff to show cause why the motion should not be granted. (ECF No. 11).

Plaintiff filed a response to the Show Cause Order on January 25, 2021, wherein she states that she "agrees to have her matter submitted to arbitration in accordance with the procedures set forth in the Motion to Compel" and asks the Court for an extension of time "so that the parties could negotiate a dismissal order that would allow this matter to be timely pursued in arbitration." (ECF No. 12).

This Court held a Status Conference with the parties on February 18, 2021. Thereafter, the Court agreed to allow the parties time to discuss a stipulated order that would resolve the motion. The Court ordered the stipulated order was due by March 12, 2021. Additional extensions were requested by counsel but, to date, the parties have been unable to agree upon a stipulated order that would resolve the pending motion. As such, the Court shall consider and rule upon the motion.

---

[1] Defendant's motion states that "Plaintiff was employed by Red Lobster Restaurants, LLC, which is the proper Defendant in this lawsuit. Thus, Red Lobster Restaurants, LLC is the entity" that responded to the complaint by filing the Motion to Compel. (ECF No. 8 at PageID.39 n.1).

## ANALYSIS

Defendant's motion asserts that Plaintiff entered into a mutual agreement with Defendant "to arbitrate all disputes arising from her employment." (ECF No. 8 at PageID.48). Defendant asserts that "[d]espite her agreement to do so, Plaintiff filed this instant action based entirely on claims that are covered by the express terms of the arbitration agreement." (*Id*.). Defendant contends that "Plaintiff should be compelled to resolve her claims by the mutually-agreed upon arbitration terms." (*Id*). In support of its motion, Defendant's exhibits include Plaintiff's signed acknowledgment of her agreement to arbitrate. (Def.'s Exhibit 3, ECF No. 8-4). Defendant also attached a booklet setting forth its Dispute Resolution Process, which includes information as to how to begin the arbitration process. (Def.'s Exhibit 1, ECF No. 8-2).

Although Plaintiff did not file a response to Defendant's motion, in her Show Cause response, she agrees that her claims are subject to arbitration.

## CONCLUSION & ORDER

Accordingly, the Court GRANTS Defendant's Motion to Compel Arbitration, to the extent that the Court COMPELS the parties to ARBITRATE the claims asserted by Plaintiff in this action.

IT IS FURTHER ORDERED that this action is STAYED until the conclusion of any arbitration proceedings and this action is CLOSED on the Court's docket for statistical purposes.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction in accordance with the Federal Arbitration Act, 9 U.S.C. §§1-16, for the purpose of confirming, vacating or correcting any arbitration award. Any party may move to do so at the conclusion of the

arbitration proceedings.

IT IS SO ORDERED.

                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated: April 16, 2021